■ In the Matter of the Claim of JOHN E. WINCH, Appellant. COMMISSIONER OF LABOR, Respondent. [679 NYS2d 442] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 27, 1998, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was terminated from his employment as a supervisor at a private group home for developmentally disabled children for violating the employer's policy prohibiting client abuse. Claimant's testimony reveals that when he experienced difficulty controlling the children's disruptive behavior, claimant canceled their scheduled outing and forced them to sit in a circle on the living room floor for several hours without moving or talking. At one point when one of the children attempted to sit on a chair, claimant moved all of the chairs to the corner of the room. Claimant admitted that he knew of the employer's policy prohibiting psychological abuse and that his conduct could be "easily defined as abusive".

The violation of an employer's established policy may constitute disqualifying misconduct, especially where the violation is detrimental to the employer's best interest (*see, Matter of Keast [Essex County ARC—Sweeney]*, 224 AD2d 851; *Matter of Ciallela [Our Lady of Victory Hosp.—Hartnett]*, 172 AD2d 888). We find that the proof in this case provides substantial evidence to support the Unemployment Insurance Appeal Board's decision finding that claimant was disqualified from receiving benefits because his employment was terminated due to misconduct. Contrary to claimant's contention, the Board was not bound by the Administrative Law Judge's contrary conclusion.

Cardona, P. J., Mikoll, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.